<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WAYNE LEWIS,<br><br>                Plaintiff,<br><br>       v.<br><br>NANCY A. BERRYHILL,<br>  Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. 2:18-cv-14247-BRM<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Wayne Lewis's ("Lewis") Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "Motion"). (ECF No. 18.) Defendant Commissioner of Social Security (the "Commissioner") opposes the Motion. (ECF No. 22.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Lewis's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

At issue before this Court is whether Lewis is entitled to attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On January 11, 2019, Lewis filed his statement of primary contentions regarding the Commissioner's denial of Lewis's request for review under Local Rule 9.1(d). (ECF No. 12.) The Commissioner agreed to voluntarily remand this case, and this Court signed the remand order on April 2, 2019. (ECF No. 17.)

On May 1, 2019, Lewis filed his Motion for attorneys' fees. (ECF No. 18.) On July 23, 2019, the Commissioner sought a reduction of Lewis's requested fee. (ECF No. 22.) On July 29, 2019, Lewis filed his reply brief. (ECF No. 23.)

## II.   LEGAL STANDARD

EAJA requires a court to award "to a prevailing party . . . fees and other expenses . . . incurred by [the prevailing] party" in certain civil actions against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The statute further provides the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . ." 28 U.S.C. § 2412(d)(2)(A).

To calculate the attorneys' fees, the Court must multiply a reasonable hourly fee by the reasonable amount of hours worked. *U.S. v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir. 2000).

## III.   DECISION

Lewis is the undisputed prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (holding a claimant was a "prevailing party" under the EAJA because "the plaintiff has succeeded on a significant issue in litigation which achieved some of the benefit sought in bringing suit"). Lewis calculated the rate of his attorneys' fees by adding a cost-of-living adjustment to the statutory rate of $125 per hour under U.S.C. § 2412(d) and concluded the adjusted hourly rate to be $207.64 per hour. (ECF No. 18, at 5–6.) The Court finds no reason, nor does the Commissioner provide a reason, to disallow this rate.[1] Therefore, the only remaining issue is to calculate the compensable hours.

---

[1] Indeed, the Commissioner does not oppose the proposed rate and uses it in her own calculations. (*See* ECF No. 22, at 19 (using Lewis's calculated hourly rate to recommend the Commissioner's adjusted attorneys' fees).)

2

In deciding this Motion, the Court carefully examines whether the Commissioner offered specific objections other than "excessive, redundant, or otherwise unnecessary." *Eleven Vehicles*, 200 F.3d at 211.

### A. Pre-Complaint Tasks

Lewis's spent 8 hours before working on the Complaint from September 24, 2018 to October 2, 2018. (ECF No. 18, at 41.) The Commissioner argues these entries largely consist of clerical tasks and are therefore not compensable. (ECF No. 22, at 4–6.) Lewis replies some of these entries were not "clerical" but does not contest some of the entries may have been clerical. (ECF No. 23, at 17.)

After reviewing the records, and considering Lewis's response, the Court agrees with the Commissioner in part.[2] Clerical tasks are not compensable. *Eleven Vehicles*, 200 F.3d at 212. The Court finds approximately 4.5 hours were spent on clerical tasks. As such, the Court must reduce the time spent on the pre-complaint tasks between September 24, 2018 to October 2, 2018 to 3.5 hours.

### B. Reviewing the records

From November 29, 2018 to November 30, 2018, and on December 24, 2018, Lewis's counsel spent 10.25 hours reviewing records. (ECF No. 18, at 41–42.) The Commissioner glosses over the fact that Lewis's claim was handled by new counsel. (ECF No. 22, at 6–7.) However, the Court finds the time counsel spent reviewing the record for the first time is reasonable. *See Beattie v. Colvin*, 240 F. Supp. 3d 294, 297 (D.N.J. 2017) (taking new counsel's additional time to review

---

[2] The Court rejects the Commissioner's view that because the tasks completed between September 27, 2018 to October 2, 2018 were "simple," a reduction is required. ECF 22, at 10. This is not a valid objection. *See supra* at Section III.

the record into consideration); *Gonzalez v. Astrue*, 564 F. Supp. 2d 317, 320 (D.N.J. 2008) (same). Therefore, the Court will award the full amount of hours requested for counsel's records review.

### C. Drafting the Local Rule 9.1 Statement

From December 5, 2018 to January 10, 2019, Lewis's counsel spent 15.75 hours drafting the Local Rule 9.1 Statement of Primary Contentions. (ECF No. 18, at 42.) The Commissioner argues counsel's incurred hours are the result of Lewis's "overlitigation." (ECF No. 22, at 13.)

Courts view 7.2 hours to be a reasonable amount of time needed to draft a Local Rule 9.1 Statement. *See Shalan v. Comm'r of Soc. Sec.*, Civ. A. No. 07-5279, 2008 WL 2224809, at *1 (D.N.J. May 27, 2008) (finding approximately 7.2 hours to be a reasonable amount of time spent on a Local Rule 9.1 statement); *Riggins v. Comm'r of Soc. Sec.*, Civ. A. No. 07-2116, 2008 WL 4822225, at *2 (D.N.J. Nov. 3, 2008) (same); *Cortez v. Astrue*, Civ. A. No. 09-4824, 2010 WL 4178782, at *2 (D.N.J. Oct. 20, 2010) (same); *Conde v. Comm'r of Soc. Sec.*, Civ. A. No. 07–5580, 2009 WL 901155, at *1 (same); *Patillo v. Comm'r of Soc. Sec.*, No. 06-5030, 2008 WL 352867, at *1 (D.N.J. Feb. 7, 2008) (same).

Though the Court concludes counsel did not act in bad faith, the Court cannot allow compensation for a full-length brief filed as a Local Rule 9.1 Statement. If Plaintiffs are allowed to be compensated for hours more than double the reasonable amount of time needed to draft a Local 9.1(d) Statement, both parties will be essentially given a pass to over-litigate, which would run afoul of the purpose of filing a Local Rule 9.1(d) Statement—"[t]o encourage early and amicable resolution of Social Security matters." L. Civ. R. 9.1(d). Therefore, this Court will limit the award for time spent drafting the Local Rule 9.1 Statement to 7.2 hours.

### D. Negotiating Consent Order to Remand and Preparing EAJA Petition

From February 12, 2019 to May 1, 2019, Lewis's counsel spent 6.5 hours negotiating with the SSA counsel and preparing the EAJA motion. (ECF No. 18, at 42–44.) The Commissioner argues these tasks are "avoidable" (ECF No. 22, at 16) and "boilerplate" and, therefore, redundant (ECF No. 22, at 17–18). These general objections cannot be the basis for adjustment of Lewis's requested attorneys' fees. *See supra* at Section III. The court disagrees. Accordingly, the Court will award the full 6.5 hours requested for the time spent negotiating with the SSA counsel and preparing the EAJA motion.

### E. Remaining Matters in Lewis's Reply Brief

Lewis takes issue with the Commissioner taking longer than required to file a response to his Motion. Lewis argues he has suffered prejudice "in the cash-flow recovery of fees for counsel and subsequent legal work." (ECF No. 23, at 8.) He argues his Motion should be deemed "unopposed" and granted without any reduction in the fees requested. (*Id.* at 6–10). But the attorneys worked for Lewis without charge. (ECF No. 18, at 47.) In other words, Lewis suffered no prejudice because he was not counting on the Commissioner's timely response to pay his legal fees. *Eleven Vehicles*, 200 F.3d at 215 (explaining departure from the rule shall not unfairly prejudice a party who has relied on the local rule to his detriment); *see also Dougherty v. VFG, LLC*, 118 F. Supp. 3d 699, 708 n.3 (E.D. Pa. 2015) (finding manifest prejudice would befall the defendant if the Court strictly adhered to the rules and considered the defendant's motion untimely). Accordingly, this Court rejects Lewis's argument.

Lewis also seeks fees billed for preparing the reply brief. (ECF No. 23, at 15.) Because this Court recalculated the attorneys' fees, Lewis is not entitled to be compensated for the hours spent preparing the reply brief. *See Commissioner, INS v. Jean*, 496 U.S. 154, 163 n.10 (1990) (finding

applicants should not receive fees for the time spent defending the higher rate when the court recalculated and reduced the fees awarded); *see also Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (directing courts to "award only that amount of fees that is reasonable in relation to the results obtained").

Lastly, Lewis's Proposed Order requests the award be paid directly to his attorneys. (ECF No. 18, at 35.) However, recoverable fees shall be paid to Lewis pursuant to the EAJA. *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010) (holding the plain text of EAJA (28 U.S.C. § 2412(d)(1)(A)) requires that attorney's fees be awarded to the litigant). Lewis's request to order the Commissioner to pay directly to attorneys (ECF No. 18, at 35) must be denied.

### IV. CONCLUSION

For the reasons set forth above, Lewis's Motion for attorneys' fees, and awards Lewis $5699.72 in attorneys' fees and costs.[3] The motion is **GRANTED IN PART AND DENIED IN PART**.

**Date:** November 15, 2021

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[3] The fees awarded represent 27.45 hours multiplied by an hourly rate of $207.64. Alternatively, this Court can also calculate fees by imposing "some degree of proportionality between the fees for the underlying merits litigation and fees for fee litigation." *Eleven Vehicles*, 200 F.3d at 213. Still, this Court finds the awarded 27.45 hours reasonable. *See Menter v. Astrue*, 572 F. Supp. 2d 563, 565 (D.N.J. 2008) ("[A] number of districts have held that twenty to forty hours is a reasonable expenditure of time for the average Social Security disability case.").